IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MYRA DENETTE HENDRIX PHILLIPS, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV511-010
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Myra Danette Hendrix Phillips ("Plaintiff") contests the decision of Administrative Law Judge Jimmy N. Coffman ("ALJ," or "ALJ Coffman") to deny her application for a period of disability, disability insurance benefits, and Supplemental Security Income. Plaintiff urges the Court to set aside the ALJ's decision and order the payment of benefits, or in the alternative, to remand the case for a proper determination of the evidence. (Doc. No. 1, p. 2). Defendant contends that the Commissioner's decision should be affirmed. (Doc. No. 18, p. 21).

On September 24, 2007, Plaintiff protectively filed a Title II and a Title XVI application for a period of disability and disability insurance benefits, as well as supplemental security income. Plaintiff claimed disability beginning January 15, 2007, due to diabetes, chronic pancreatitis and pain, and depression. (Tr. at 139). Plaintiff was thirty-eight years old at the time of the ALJ's decision, (Tr. at 19, 105), and had

completed three years of college. (Tr. at 146). Plaintiff has previous relevant work as a dispatcher for a trucking company. (Tr. at 140).

The Plaintiff's claims were denied initially on March 14, 2008, and upon reconsideration on November 18, 2008. Plaintiff appealed to the ALJ, who issued an unfavorable decision to the Plaintiff. (Tr. at 7-19). Plaintiff appealed to the Appeals Council, but the Appeals Council found no basis for changing the ALJ's decision. The decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1).

## **ALJ'S FINDINGS**

Pursuant to the Social Security Act, the Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step evaluates the claimant's work activity. If the claimant was involved in "substantial gainful activity," then she is not considered disabled and benefits are denied. Yuckert, 482 U.S. at 140. If there is no substantial gainful activity, the ALJ proceeds to the second step and must determine if the claimant has a medically severe impairment or combination of impairments. Id. If the claimant's impairment or combination of impairments is considered severe, then the evaluation continues to step three. The third step entails a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment

2

meets or equals one of the listed impairments, the process is complete and the claimant is presumed disabled. Yuckert, 482 U.S. at 141. If the claimant cannot prevail at the third step, the sequential evaluation proceeds to the fourth step. Here, the claimant must prove that she cannot perform past relevant work. Id. If the claimant is able to perform her previous work, she is not disabled. If the claimant is unable to perform her past relevant work, the next step of the evaluation is completed by determining whether the claimant is able to work in the national economy, considering her age, education, and work experience. Id. at 142. The burden then shifts to the Commissioner to show that there is other work available in significant numbers in the national economy that the claimant is able to perform. 20 C.F.R. §§ 404.1520 and 416.920. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

The ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2012. The ALJ also found that Plaintiff had not engaged in substantial gainful activity since January 15, 2007, the alleged onset date, and that Plaintiff had several severe impairments (chronic pancreatitis, diabetes mellitus, edema of the lower extremities, gastroparesis, and status post distal pancreatectomy). (Tr. at 12). The ALJ found that these impairments did not singly or in combination meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P. App. 1. After considering the entire record, the ALJ found that Plaintiff had the residual function capacity ("RFC") to lift and/or carry ten (10) pounds frequently and twenty (20) pounds occasionally and to climb ropes, ladders, and scaffolds occasionally. (Tr. at 15-16). The ALJ observed that Plaintiff was capable of performing her past relevant work as a

dispatcher, since this work does not require the performance of work-related activities precluded by Plaintiff's RFC. The ALJ determined that Plaintiff had not been under a disability, as defined by the Social Security Act, from January 15, 2007, through the date of his decision, January 7, 2010. (Tr. at 18-19).

## ISSUES PRESENTED

Plaintiff raises three enumerations of error. Plaintiff argues that the ALJ erred: 1) by not finding that the Plaintiff was disabled as a matter of law because of pain and other subjective symptoms; 2) in finding that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments; and 3) in not fully, adequately and correctly determining Plaintiff's residual functional capacity and in finding that she is capable of performing her past relevant work and that she was not under a disability. (Doc. No. 17, pp. 4, 8, 10).

## STANDARD OF REVIEW

The Court's standard of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988). The Court does not reweigh evidence, decide facts anew, or make credibility findings. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the proof preponderates against it. Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). There is no assumption of validity attached to the ALJ's legal conclusions. Welch v. Bowen, 854 F.2d 436, 439 (11th Cir. 1988).

# DISCUSSION AND CITATION TO AUTHORITY

I.  **The ALJ's Discrediting of Testimony and Medical Opinion**

Plaintiff contends that the ALJ erred by not finding that she was disabled as a matter of law because of pain and other subjective symptoms. In order to establish disability based on testimony of pain and other symptoms, the claimant must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain, or (b) that the objectively determined medical condition could reasonably be expected to give rise to the claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ chooses not to credit the claimant's assertions of subjective pain, he must explain his reasons for doing so. Id. Failing to express reasons for discrediting the claimant's subjective pain testimony requires, as matter of law, that the testimony be accepted as true. Brown v. Sullivan, 921 F.2d 1233 (11th Cir. 1991). A claimant's daily activities may be considered in evaluating and discrediting complaints of disabling pain. Harwell v. Heckler, 735 F.2d 1292 (11th Cir. 1984).

The ALJ found that Plaintiff had several severe impairments which could reasonably be expected to produce the alleged symptoms. However, the ALJ chose not to fully credit Plaintiff's pain testimony regarding the intensity, persistence and limiting effects of the alleged symptoms because her testimony was not substantiated by objective medical evidence. (Tr. at 17). ALJ Coffman noted that Plaintiff repeatedly made inconsistent statements. Plaintiff complaints of left-side pain were transcribed in the record as having actually been complaints of right-side pain, upon which tests and studies came back negative. Repeated examinations of Plaintiff's abdomen revealed

AO 72A
(Rev. 8/82)

no tenderness or masses. (Tr. at 339, 614). ALJ Coffman commented that, contrary to Plaintiff's testimony, there were no documented complaints or findings of persistent nausea, vomiting, and diarrhea, since surgeries, which were not controlled by medication. (Tr. at 17). The ALJ also put great emphasis on the fact that Plaintiff went for a horseback ride in the middle of her claimed period of disability, an activity which he noted was "incomprehensible" considering her level of alleged symptoms and complaints covering that time period. (Tr. at 17). ALJ Coffman also explicitly articulated Plaintiff's other daily activities (household duties, shopping, a long-distance trip) which led him to discredit Plaintiff's subjective pain testimony. (Tr. at 17).[1]

In determining Plaintiff's subjective claims of pain, ALJ Coffman also partially discredited Plaintiff's primary treating physician, Dr. Heine. The testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. Crawford v. Comm'r, 363 F.3d 1155 (11th Cir. 2004). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). The treating physician's opinion can also be discounted if it is inconsistent with the record as a whole. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The Commissioner may reject any medical opinion if the evidence supports a contrary finding. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). The limited scope of

---

[1] In choosing to discredit Plaintiff's subjective pain testimony, the ALJ mistakenly referenced Plaintiff's testimony regarding her headaches. The ALJ noted that Plaintiff made inconsistent statements because her testimony that she had a problem with headaches for the past twenty-four years contradicted the record (which was filled with medical reports from that time frame denying headaches). (Tr. at 17). The actual testimony only indicated that Plaintiff experienced headaches for the past twenty-four days. (Tr. at 32). However, there is substantial evidence in the record to support the ALJ's finding without this evidence, rendering this mistake harmless.

6

review precludes reweighing evidence anew. There is no reversible error where the ALJ articulated specific reasons for failing to give the opinion of treating physician controlling weight and those reasons are supported by substantial evidence. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

In discrediting Dr. Heine's medical source statement, the ALJ drew from the record as a whole, finding Dr. Heine's medical source statement not of significant value because it was not well-supported by documented medical findings, noted impressions of improvement, or claimant's activities of daily living. The ALJ noted other physicians who discouraged Plaintiff from pursuing disability benefits, (Tr. at 331), who said that plaintiff was "doing pretty well" (Tr. at 331), and appeared "well and robust . . . [with] no physical pain." (Tr. at 652). Dr. Runyan, a pain medicine doctor, thought that Plaintiff's pain did not warrant a celiac nerve block and decreased her pain medication. (Tr. at 793). ALJ Coffman also pointed to an incident when Dr. Whitehead, a gastroenterologist, told Plaintiff that he was going to restrict her access to narcotics and "all of the sudden she wasn't hurting so much and decided she would just go home." (Tr. 798). On a residual functional capacity questionnaire, Dr. Heine recommended that Plaintiff avoid environments where there would be concentrated exposure to cigarette smoke (Tr. at 506), while in fact Plaintiff smokes a pack of cigarettes a day. (Tr. at 381).

There is substantial evidence to support the ALJ's discounting of Dr. Heine's medical source statement and Plaintiff's subjective pain testimony. The ALJ did not err in failing to find Plaintiff disabled as a matter of law due to pain and other subjective symptoms.

7

## II. Listing 5.06

Plaintiff also alleges that the ALJ erred in finding that she does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. Specifically, Plaintiff contends that she has clinical filings that would equal (3) and (4) of the "B" criteria of Section 5.06. (Doc. No. 17, p. 9). Defendant argues that Plaintiff failed to meet her burden of proving that her impairments met or equaled the Listing. (Doc. No. 18, p. 4).

To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." 20 C.F.R. §§404.1526(a) and 20 C.F.R. 416.926(a). If a claimant has more than one impairment and none meets or equals a listed impairment, the Commissioner reviews the impairment's symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. Id. "If the claimant contends that an impairment equals a listed impairment, the claimant must present evidence which describes how the impairment has such an equivalency." Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Plaintiff alleges that her condition equals two of the conditions in Listing 5.06, which deals with Inflammatory Bowel Disease. Plaintiff contends that her combination of impairments equals the third and fourth conditions in Listing 5.06, which detail a clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping and a perineal disease with draining abscess or fistula. Each of these conditions must be coupled with pain that is not completely controlled by prescribed narcotic medication and must be present on at least two evaluations at least sixty days apart. 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 5.06. In support of her

assertion, Plaintiff points to her history of chronic pancreatitis and diabetes. (Doc. No. 19, p. 1). The ALJ was unconvinced that the claimant's impairments equaled those of Listing 5.06. (Tr. at 15). There were repeated reports from physicians of no tender abdominal masses palpable on physical examination. (Tr. at 339, 572). There was evidence of a small soft tissue mass associated with a necrotic lymph node near her pancreas and later a liver abscess, but these conditions responded well to treatment. (Tr. at 614). Plaintiff did intermittently report nausea and vomiting (Tr. at 237), but there were other occasions when she did not suffer from diarrhea or vomiting. (Tr. at 614). There were also times when Plaintiff had no pain. (Tr. at 614, 619). This Court will not disturb the ALJ's findings when there is substantial evidence to support his position. Phillips, 357 F.3d at 1240. The ALJ did not err in finding that Plaintiff's combination of impairments did not medically equal Listing 5.06.

### III. Plaintiff's RFC

Plaintiff contends that the ALJ erred in not fully, adequately, and correctly determining Plaintiff's RFC and therefore erred when he found that Plaintiff is capable of performing past relevant work as a dispatcher. (Doc. No. 17, p. 10). Defendant maintains that the ALJ fully evaluated the medical evidence and properly assigned Plaintiff's RFC. (Doc. No. 18, p. 9).

RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite her impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, pull, etc. 20 C.F.R. §§ 404.1545(b) and 20 C.F.R. 416.945(b).

ALJ Coffman found that Plaintiff had the RFC to meet the exertional demands of "essentially the full range of light exertional work." (Tr. at 18). Based on this determination, the ALJ reasoned that Plaintiff could perform past relevant work as a dispatcher, which only requires a sedentary exertional level. In making his determination, the ALJ considered all of Plaintiff's alleged impairments and symptoms, and he gave limited weight to the opinion of Dr. Heine, who opined that Plaintiff was disabled.[2] (Tr. 503-506). An occupational therapist rated Plaintiff's rehab potential in two to five weeks as "good." (Tr. at 589). Plaintiff's abscesses were completely resolved. (Tr. at 646). Plaintiff's daily activities included shopping and carrying groceries into the house (Tr. at 42), traveling (Tr. at 651), feeding horses (Tr. at 50), and at least one horseback ride (Tr. at 48). Plaintiff was at times noncompliant with treatment. (Tr. at 240, 468).

The ALJ's determination that Plaintiff could perform her past relevant work as a dispatcher, as this job is performed in the national economy, is supported by substantial evidence. Because Plaintiff failed to meet her burden that she could not perform her past relevant work, the burden never shifted to the ALJ to show that other work Plaintiff could perform existed in the national economy. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991).

---

[2] The ALJ's discounting of Dr. Heine's opinion has already been discussed as to Plaintiff's subjective complaints of pain.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this ____ day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)